UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant

| | |
|---|---|
| Rasheta Bunting, individually and as the representative of a class of similarly situated persons,<br><br>    Plaintiff,<br><br>          - vs. –<br><br>Nuts 'N More LLC,<br><br>    Defendant. | DOCKET NO. 22-cv-4188 (AMD) (CLP)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Nuts 'N More LLC, by and through its undersigned attorneys, answers the first amended complaint of plaintiff Rasheta Bunting as follows:

## INTRODUCTION

1. Defendant admits that plaintiff brings this action, but denies that it has any merit.

2. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same.

3. This paragraph contains no allegations about defendant that need be admitted or denied.

4. Defendant admits that plaintiff purports to assert those claims but denies that the claims have merit, and specifically denies the allegations related to

its website.

5. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

6. Admitted that the website offers products for sale. The remaining allegations of this paragraph are denied..

7. Denied.

8. Denied.

9. Denied.

10. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant admits that such laws exist but deny that the vague description of them by plaintiff represents a precise description of their requirements.

11. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The remaining allegations of this paragraph are denied, and defendant specifically denies that any such class exists.

12. Defendant admits that plaintiff seeks the specified relief but denies that plaintiff is entitled to it. The remaining allegations of this paragraph are denied, and defendant specifically denies that any such class exists.

**JURISDICTION AND VENUE**

13. Admitted that the court has subject matter jurisdiction, but denies all

allegations regarding the amount in controversy..

14. This paragraph contains legal argument rather than factual allegations which need be admitted or denied.

15. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The remaining allegations of this paragraph are denied.

16. This paragraph contains legal argument, which is improper pursuant to Fed. R. Civ. P. 8. The allegations of this paragraph are denied.

## THE PARTIES

17. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

18. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The remaining allegations of this paragraph are denied.

19. Defendant admits that it is a limited liability company organized under the laws of the state of Rhode Island and operating at the specified address. The remaining allegations of this paragraph are denied.

20. Admitted that the defendant operates the specified website, and that consumers can purchase defendant's products on the website. The allegations of this paragraph relating to plaintiff are denied, and the legal

arguments are denied.

## NATURE OF THE CASE

21. This paragraph contains no allegations about defendant that need be admitted or denied.

22. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

23. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

24. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

25. Defendant admits that the specified guidelines are published, but denies that they are universally followed or that following them is required. Defendant further denies that regulations relating to a different statute that apply to different entities are relevant to this case. The remaining allegations of this paragraph are denied.

## FACTUAL ALLEGATIONS

26. Admitted that defendant operates the specified website. The remaining allegations of this paragraph are denied.

27. Admitted that the website offers products for sale online and that it provides information about the products. Denied that the website offers services for sale.

28. Admitted that the website allows people to buy defendant's products, and that it provides information about the company and the products. The remaining allegations of this paragraph are denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The remaining allegations of this paragraph are denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. This paragraph contains legal argument, which is improper pursuant to Fed. R. Civ. P. 8. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph relating to plaintiff, and therefore denies same. The remaining allegations of this paragraph are denied.

42. Denied

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## **CLASS ACTION ALLEGATIONS**

47. Admitted that plaintiff seeks to certify such a class. Denied that plaintiff is entitled to do so.

48. Admitted that plaintiff seeks to certify such a subclass. Denied that plaintiff is entitled to do so.

49. This paragraph contains no allegations about defendant that need be admitted or denied. To the extent a response is required, defendant denies that plaintiff has accurately characterized the putative class.

50. Denied.

51. Admitted that the first two of the cited questions are common; denied that the third or fourth ones are.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. This paragraph contains no allegations that need be admitted or denied.

## COUNT I
### (VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq*.)

57. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-56 as if fully set forth herein.

58. Admitted that plaintiff has accurately, though only partially, quoted a statute.

59. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

60. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

61. Admitted that this is generally an accurate summary of the law, subject to various statutory defenses and exceptions.

62. Admitted that this is generally an accurate summary of the law, subject to various statutory defenses and exceptions.

63. Admitted that plaintiff has accurately, though only partially, quoted a statute.

64. Admitted that plaintiff has accurately, though only partially, quoted a statute.

65. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Admitted that plaintiff seeks such relief; denied that plaintiff is entitled to it.

## COUNT II
### (VIOLATIONS OF THE NYSHRL, N.Y. Exec. Law Article 15 (Executive Law § 292 et seq.)

73. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-72 as if fully set forth herein.

74. Admitted that plaintiff has accurately, though only partially, quoted a statute.

75. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

76. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

77. Denied.

78. Admitted that this is generally an accurate summary of the law, subject to various statutory defenses and exceptions.

79. Admitted that this is generally an accurate summary of the law, subject to various statutory defenses and exceptions.

80. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Admitted that plaintiff seeks such relief; denied that plaintiff is entitled to it.

## **COUNT III**
**(VIOLATIONS OF THE NYSCRL, NY CLS Civ R Article 4 (CLS Civ R § 40 et seq.)**

88. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-87 as if fully set forth herein.

89. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

90. Admitted that plaintiff has accurately, though only partially, quoted a statute.

91. Admitted that plaintiff has accurately, though only partially, quoted a

statute.

92. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

93. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

94. Denied.

95. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

96. Admitted that plaintiff has accurately, though only partially, quoted a statute.

97. Admitted that plaintiff has accurately, though only partially, quoted a statute.

98. Denied.

99. Denied.

100. Denied.

## COUNT IV
**(VIOLATIONS OF THE NYCHRL, N.Y.C. Administrative Code § 8-102 et seq.)**

101. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-100 as if fully set forth herein.

102. Admitted that plaintiff has accurately, though only partially, quoted a

statute.

103. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

104. This paragraph calls for legal conclusions, rather than states facts which need be admitted or denied. To the extent a response is required, the allegations are denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Admitted that plaintiff seeks such relief; denied that plaintiff is entitled to it.

## COUNT V
### (DECLARATORY RELIEF)

113. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-112 as if fully set forth herein.

114. Admitted.

115. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to bring these claims.

2. Plaintiff's allegations fail to state a claim upon which relief may be granted.

3. This court lacks personal jursidction over defendant.

4. Plaintiff's claims are barred by the doctrine of unclean hands.

5. The court should not exercise supplemental jurisdiction over the non-federal claims in this suit.

6. The relief requested by plaintiff would not be readily achievable, either for financial reasons or because they were technically infeasible.

7. The relief sought by plaintiff is not required by law and would impose an undue burden on defendant.

8. Plaintff is not entitled to the relief sought because fixing the barriers alleged in the Complaint, would, if granted, result in a fundamental alteration of Defendant's services.

9. Plaintiff was not a bona fide customer of defendant's.

10. Plaintiff had effective access to the website; any alleged barriers encountered on the site were de minimis.

11. Plaintiff's claims are barred because defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for nor sought any assistance.

12. Plaintiff's claims are barred because defendant provided, and/or was willing to provide, equivalent facilitation with respect to any barriers alleged in the complaint.

13. Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for nor sought any such modifications.

14. Plaintiff's claims are barred because any action taken with respect to Plaintiff was for legitimate, non- discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

15. Plaintiff is barred from recovery by reason of the fact that plaintiff has not sustained any damages whatsoever resulting from the actions or inactions of defendant.

16. Part or all of plaintiff's damages — if any — are the result of plaintiff's failure to mitigate damages.

17. Plaintiff's claims are barred, in whole or in part, because defendant acted reasonably and in good faith at all times relevant to this lawsuit.

18. Plaintiff's claims are moot because defendant's website complies with any and all applicable standards.

19. Plaintiff is not entitled to statutory damages or fines under the applicable New York State and New York City Human Rights Laws.

20. Plaintiff is unable to satisfy the criteria for maintaining a class action. The potential class and subclasses are not numerous or ascertainable. The questions of law or fact are not common to the potential class or subclasses. The claims of the plaintiff are not typical of the claims of the potential class or subclasses. The interests of the potential class and subclasses will not be

fairly and adequately represented. Individual issues predominate over common issues.

21. Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility standards for websites.

22. Plaintiff's claims are barred under the doctrine of primary jurisdiction because the Department of Justice has yet to promulgate any standards and/or regulations applying to website accessibility.

23. In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

Wherefore, defendant respectfully demands judgment against plaintiff dismissing all counts of the Complaint, and awarding attorneys' fees, costs and disbursements, and such other, further, and different relief as the Court may deem just and proper.

Dated: January 5, 2023

_____
David Stein
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant